UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

Jonathan Edward Danley,

   **Plaintiff,**

          CASE NO.:

vs.

Woofs Sports Bar; H.H.S.T.
Sporting Group Ltd., and
Gregory G. Hughes, individually,
   **Defendant.**
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff, Jonathan E. Danley, by and through the undersigned attorney, sues Woofs Sports Bar ("Woofs"), H.H.S.T. Sporting Group Ltd. ("HHST"), and Gregory C. Hughes ("Hughes") (collectively "Defendants"), and in support of his complaint alleges:

  1. Plaintiff, Jonathan E. Danley, was an employee of Woofs and brings this action for unpaid overtime compensation, retaliation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

  2. Plaintiff worked as an hourly paid employee performing Chef/Cook activities within the last three years for Woofs in Fulton County, Georgia.

  3. Defendant Woofs is a Georgia Corporation that operates and conducts business in, among others, Fulton County, Georgia and is therefore, within the jurisdiction of this Court.

4. Woofs is owned by HHST, which is also a Georgia Corporation.

5. At all times relevant to this action, Hughes was an individual resident of the State of Georgia, who owned and operated Woofs, and who regularly exercised the authority to: (a) hire and fire employees of Woofs; (b) determine the work schedules for the employees of Woofs and (c) control the finances and operations of Woofs.  By virtue of having regularly exercised that authority on behalf of Woofs, Hughes is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover, from Defendants, overtime compensation, liquidated damages, compensatory damages, and reasonable attorneys' fees and costs.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

7. Defendants agreed to pay Plaintiff wages for work performed by Plaintiff.  Plaintiff accepted this agreement and did work for Defendants.

8. At all times relevant to this action (2013-2016), Woofs was an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(r) and 203(s).

9. At all times relevant to this action (2013-2016), Woofs engaged in interstate commerce and handled goods that have been "moved in or produced for commerce." *Polycarpe v. E&S Landscaping Serv. Inc.,* 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203 (s)(1)(A)).

10. At all times relevant to this action (2013-2016), Woofs had two or more employees and an annual gross volume of sales made or business done of at least $500,000. *Polycarpe*, 616 F.3d at 1220.

11. At all times relevant to this action (2013-2016), Defendants failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for

Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours in excess of forty (40) within a work week.

12.  During his employment with Defendants, Plaintiff, was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

13.  Upon information and belief, some records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

14.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-13 above.

15.  Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.  During his employment with Defendants, Plaintiff routinely worked overtime hours but was not paid time and one-half compensation for same.

16.  As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

17.  As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

18.  Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Jonathan E. Danley, demands judgment against Defendants for the payment of all overtime hours at one and one-half

the regular rate of pay for the hours worked for which Defendant did not properly compensate, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RETALIATION

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

20. Plaintiff complained to management, including but not limited to, Aaron Born (Manager), regarding Defendants' unlawful pay practices.

21. On or about June 5, 2016, Defendants fired Plaintiff due to his repeated requests regarding overtime pay.

22. Defendants have discriminated against Plaintiff because he was inquiring about Defendants' failure to pay proper overtime pay.

23. Defendants' discharge of Plaintiff is discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215(a)(3).

24. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

25. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Jonathan E. Danley, demands judgment against Defendants, jointly and severally, including, but not limited to, reimbursement of an amount equal to the loss of wages and other benefits suffered by reason of Defendants' unlawful conduct, including interest on such back wages, together with costs and attorneys' fees, compensatory and emotional distress damage, and such further relief that this Court determines to be just and appropriate, including any and all injunctive relief this Court deems

just and proper.

   Dated this 23rd day of  August, 2016.


         /s/ *Adian Miller*
         Adian Miller,
         Ga Bar No. 794647
         Morgan & Morgan, P.A.
         191 Peachtree Ave NE. Suite 4200
         Atlanta, GA 30303
         Telephone:  (404) 496-7332
         Facsimile:
         Primary Email:
           armiller@forthepeople.com
         Attorney for Plaintiff